## CARVER v. ATLANTIC COAST LINE R. CO.

(District Court, S. D. Florida. December 20, 1922.)

No. 572.

Dismissal and nonsuit ⬤⇒81(6)—Case dismissed for want of prosecution not reinstated.

A case dismissed for want of prosecution, under a rule of court authorizing such dismissal of cases in which no action has been taken for more than a year, will not be reinstated, where at the time of dismissal the cause had been pending for nearly four years, with a demurrer to the declaration still undisposed of, and no action had been taken by plaintiff's counsel for more than two years.

At Law. Action by E. O. Carver against the Atlantic Coast Line Railroad Company. On motion by plaintiff to reinstate case after dismissal for want of prosecution. Denied.

H. S. Hampton, of Tampa, Fla., for plaintiff.

Carter, Taliaferro & Kelley, of Tampa, Fla., for defendant.

CALL, District Judge. This cause comes on for a hearing upon the motion of plaintiff to reinstate said cause, filed November 3, 1921; a motion to vacate an order of dismissal having been made March 1, 1919.

This cause was commenced by præcipe for summons July 26, 1917, returnable to the August rules. Declaration was filed August 7th, the rule day, and appearance entered on the 6th of August by Messrs. Sparkman & Sparkman as attorneys for defendant. September 3, 1917, a demurrer to the declaration was filed by the same attorneys. January 24, 1919, a notice appears in the files to Messrs. Sparkman & Sparkman, as attorneys for defendant, that the demurrer would be called up before the judge for a hearing on February 4, 1919, at Jacksonville. Again, on March 24, 1919, notice was given Messrs. Sparkman & Sparkman that said demurrer would be called up for a hearing before the judge in Jacksonville on April 3, 1919. Service of each of these notices was accepted by Messrs. Sparkman & Sparkman. On October 21, 1921, an order dismissing said cause nunc pro tunc as of March 26, 1921, reciting that an order of dismissal was made March 26, 1921, and that said order had been omitted from the minutes.

November 3, 1921, a motion to reinstate said cause was made by Samuel T. Fletcher, for plaintiff, in which it is stated, among other things, that Messrs. Peterson & Petteway were leading counsel for plaintiff, that he was employed only for the trial of the cause, that during March, 1918, he withdrew from the cause until January, 1919, when he was re-employed and gave the notices before mentioned for hearings upon the demurrer; that owing to his poor health he employed an attorney at Tampa to argue the demurrer at the February term, 1921, but that such attorney reported to him that the court announced it would not hear arguments on pleadings during the term, but that said cause would not be dismissed; that, his poor health continuing, he early in September, 1921, employed another attorney to handle his matters, and, upon such attorney seeking to have a date set for the

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

hearing of the demurrer, he was informed by the attorney of defendant that said cause had been dismissed March 26, 1921, and thereupon, being informed that the docket did not show such dismissal, the attorney for defendant procured the order of October 21st.

November 7th W. A. Carter filed an affidavit resisting said motion of November 3d, in which it is alleged, among other things, that subsequent to June 1, 1919, the defendant has been represented by himself, and not by Sparkman & Sparkman, of which fact all the attorneys for plaintiff were aware; that subsequent to June 1, 1919, no one representing plaintiff had mentioned said cause to him, with a view to call up said demurrer for a hearing, until some time in October, 1921; that the last entry concerning said cause was the entry of order of February 16, 1920, continuing said cause for the term; that the witnesses have scattered, and it will be practically impossible to locate them at this time; that the order dismissing said cause was made in open court during the February term, 1921.

The motion to reinstate was brought on for a hearing before the judge of this court during the February term, 1922, and was duly argued and submitted. Rule 4 of the District Court Rules provides:

"Cases which have been pending in this court for more than one year without any proceedings having been taken therein during such year may be dismissed as of course for want of prosecution by the court on its own motion at a general call of the calendar."

It was on this call that the cause was dismissed. The rule was intended to dispose of cases in which no steps had been taken within a year to dispose of the issues involved. In the instant case a demurrer had been dormant from September 3, 1917, to January 24, 1919, with no attempt to dispose of it. Two attempts were made in the early part of 1919 to have said demurrer disposed of, and then nothing done by plaintiff or his counsel until November 3, 1921, after the cause was dismissed under rule 4 above quoted.

The statement of the pleadings and proceedings in the case does not appeal to the discretion of the court to vacate the order of dismissal, and the petition to reinstate the case will be denied. It will be so ordered.